IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



FILED

June 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,            )     No. 03C01-9702-CR-00069
                               )
        Appellee               )
                               )
                               )     HAMILTON COUNTY
V.                             )
                               )     HON. DOUGLAS A. MEYER,
THOMAS EUGENE LESTER,          )     JUDGE
                               )
        Appellant.             )     (Aggravated Assault)
                               )
                               )


For the Appellant:                          For the Appellee:

Ardena J. Garth                             John Knox Walkup
District Public Defender                    Attorney General and Reporter

Rich A. Heinsman, Jr.                       Clinton J. Morgan
Assistant Public Defender                   Assistant Attorney General
(At trial)                                  425 Fifth Avenue North
                                            Nashville, TN 37243-0493
Donna R. Miller
Assistant Public Defender
701 Cherry Street, Suite 301                William H. Cox, III
Chattanooga, TN 37402                       District Attorney General
(On appeal)
                                            C. Leland Davis
                                            Assistant District Attorney
                                            600 Market Street, Suite 310
                                            Chattanooga, TN 37402




OPINION FILED: _____



AFFIRMED



William M. Barker, Judge

**OPINION**

The appellant, Thomas Eugene Lester, appeals as of right his conviction in the Hamilton County Criminal Court of aggravated assault. He received a sentence of six years to be served on intensive probation as a Range I offender. On appeal, he challenges only the sufficiency of the evidence. We affirm appellant's conviction.

Appellant was indicted for the aggravated assault of Stanley Holland as a result of an altercation that occurred on July 18, 1995 in Hamilton County. On that evening, the victim came to appellant's home on Citico Avenue in Chattanooga. Appellant met the victim outside on the porch. Apparently, the victim wanted to discuss the appellant's alleged assault on the victim's sister earlier that evening. Appellant and the victim, who was accompanied by several other people, began talking and an argument ensued. The argument escalated and appellant and the victim began fighting. There was conflicting testimony about who threw the first punch.

As the altercation progressed, the victim was prevailing over appellant. The victim picked up the appellant and was about to throw him to the ground when appellant stabbed the victim in the eye.[1] The victim stated that he was enraged when he felt his eye "pop" and he asked his wife for his gun. The victim's wife retrieved a gun from their vehicle parked nearby. As she was handing the weapon to the victim, it discharged and the bullet struck the victim in the groin area. Appellant extricated himself from the victim and ran away as several more shots were fired.

As a result of the eye injury, the victim permanently lost vision in his right eye. While there initially was some question as to whether appellant shot the victim, the State stipulated at trial that the victim's wife accidentally fired the shot.

Appellant's theory at trial was that he acted in self-defense. He testified that the victim came to his door and asked him to come outside and talk. The victim

---

[1]The witnesses for the State testified that appellant stabbed the victim with a screwdriver. However, appellant testified that he hit the victim with a piece of aluminum.

2

promised there would be no trouble. When he went outside, appellant stated that five other people were with the victim. The victim's sister shouted, "Kick his ass, Stanley" and the victim threw the first punch. They began fighting and the victim threw appellant to the ground. According to appellant, the victim "got in some good licks." Appellant stated that he picked up a piece of aluminum from the ground and started hitting the victim with it.[2] Appellant then stated that he heard the victim tell his wife to shoot appellant. Appellant heard the shot, which struck the victim, and was able to run away. Appellant testified that someone was shooting at him as he ran.

On cross-examination, appellant denied arming himself with a screwdriver before he went outside to talk to the victim. While admitting that he probably caused the injury to the victim's eye, appellant denied stabbing the victim directly in the eye. Appellant's brother, Anthony Lester, who was present when the altercation occurred, testified and corroborated appellant's version of the events. Appellant's girlfriend also confirmed that appellant went outside to speak to the victim at his request. After the fight began, she testified that she called 911. She stated that she did not witness the altercation, but did hear several gunshots fired.

At the conclusion of the proof in this bench trial, the trial court found the appellant guilty of aggravated assault. The trial court specifically noted that it considered self-defense, but found that appellant used excessive force. Appellant was later sentenced to six years intensive probation for the offense.

In challenging the sufficiency of the evidence, appellant alleges that the trial court failed to properly weigh the proof supporting his theory of self-defense. Specifically, he argues that the trial court erred in finding that appellant used excessive force. Appellant's issue is without merit.

---

[2]Appellant explained that he had been installing a window air conditioner in his bedroom that day and there were several long pieces of aluminum on the ground that he had cut away from the window frame.

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record, as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1979). The findings of a trial judge in a bench trial carry the same weight as a jury verdict. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

With regard to self-defense, Tennessee Code Annotated section 39-11-611(a) provides as follows:

> A person is justified in threatening or using force against another person when and to the degree the person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force. The person must have a reasonable belief that there is an imminent danger of death or serious bodily injury. The danger creating the belief of imminent death or serious bodily injury must be real, or honestly believed to be real at the time, and must be founded upon reasonable grounds. There is no duty to retreat before a person threatens or uses force.

Consistent with common law, the statute only permits a person to use the force reasonably necessary to protect himself/herself. See Tenn. Code Ann. §39-11-611 Sentencing Commission Comments; Long v. State, 443 S.W.2d 476, 479 (Tenn. 1969). As a result, the defense is not available if the defendant uses excessive force. Id.

Whether or not a defendant acted in self-defense is a question for the trier of fact to determine. See Arterburn v. State, 391 S.W.2d 648, 653 (Tenn. 1965); State v. Fugate, 776 S.W.2d 541, 545 (Tenn. Crim. App. 1988). Encompassed within that determination is whether the defendant's belief in imminent danger was reasonable, whether the force used was reasonable, and whether the defendant was without fault. State v. Renner, 912 S.W.2d 701, 704 (Tenn. 1995).

4

When it rendered the verdict in appellant's case, the trial court specifically stated that it accredited the testimony of the State's witnesses.  The trial court did not find appellant to be a credible witness, stating that it did not believe appellant's testimony that he was in danger of death or serious bodily injury.  The issue of excessive force which the appellant contests was a determination within the exclusive purview of the trier of fact.  As an appellate court, we will not disturb such a finding on appeal.   State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1979).

We hold that appellant's conviction was supported by the evidence presented at trial.  Therefore, we affirm the judgment of the trial court.

_____
William M. Barker, Judge


CONCUR:


_____
Joseph M. Tipton, Judge



_____
Curwood Witt, Judge

5